UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRADLEY J. LOYET, ) <br> ) <br>    Plaintiff, ) <br> v. ) <br> ) <br> ) <br> K2W PRECISION, INC., d/b/a ) <br> KEIZER ALUMINUM WHEELS, INC., ) <br> LIEBOVICH BROS, INC., and LOYET ) <br> LANDSCAPE MAINTENANCE, INC., ) <br> ) <br>    Defendants. ) | Cause No.:  4:21-cv-569 <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

COMES NOW Defendant K2W Precision, Inc. (hereinafter "K2W"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. § 1441 and § 1446, files its Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Missouri, and for grounds thereof, respectfully states:

1. The above-captioned action, pending both in the Circuit Court of Jefferson County, Missouri, as well in the Circuit Court of Sioux County, Iowa, is a civil action brought by Plaintiff, against Defendants, seeking damages for injuries Plaintiff allegedly sustained following an incident involving a racing wheel. The current action is the second time plaintiff has fraudently joined a resident defendant, this time, Loyet Landscape Maintenance Inc. (hereafter "Loyet Landscape"), a company owned by plaintiff's father, in an attempt to thwart removal. With respect to Defendant Loyet Landscape Maintenance, Inc. plaintiff's claims are based in negligence.

2. The timeline adds context:

    a. This defendant sold the wheel involved in the accident to an Oklahoma entity, Chassis Worx in December, 2016. (*See* affidavit of Wade Huisman, attached hereto as **Exhibit A**)

b. The wheel was brought to Missouri by Zane Hendricks on or about February 6, 2018. (*See* plaintiff's second Missouri petition filed in 2020, attached hereto as **Exhibit B**, paragraph 23.)

c. The alleged incident happened on February 8, 2018. (*See* plaintiff's first Missouri petition filed in 2018, attached hereto as **Exhibit C** and current petition, attached hereto as **Exhibit B**).

d. The lawsuit was originally filed on November 21, 2018, in Jefferson County, Missouri, naming K2W, Keizer Aluminum Wheels, Inc., Mercy Hospital South, a/k/a St. Anthony's Medical Center, West County Radiological Group Inc., and Signature Medical Group Inc. (hereinafter the "Healthcare Provider Defendants") who were alleged to be Missouri corporations. (See paragraph 17 of **Exhibit C**). Plaintiff did not even request summons for service on Mercy Hospital South, a/k/a St. Anthony's Medical Center, West County Radiological Group Inc., and Signature Medical Group (*See* Casenet docket sheet, **Exhibit D**). The original Missouri Petition did not name Loyet Landscape.

e. On or about January 29, 2019, K2W answered the original Petition and raised the issue of the Jefferson County Court's lack of personal jurisdiction. (*See* Answer to Original Lawsuit, attached **Exhibit E**)

f. On June 19, 2019, K2W filed a Motion to Dismiss the original lawsuit based on lack of personal jurisdiction over it. (*See* Motion to Dismiss Original Lawsuit, attached hereto as **Exhibit F**)

g. On the same date, June 19, 2019, K2W removed the original lawsuit to the U.S. District Court for the Eastern District of Missouri, the matter was assigned to Hon. Jean C. Hamilton. (*See* attached original Notice of Removal, attached hereto as **Exhibit G**)

h. K2W moved to dismiss the action against the Healthcare Provider Defendants based on the failure of plaintiff to file the necessary affidavits with respect to healthcare providers (S*ee* Mo. Rev. Stat. § 538.225). Additionally, the healthcare provider defendants remained unserved. (*See* attached original Notice of Removal, attached hereto as **Exhibit D.**)

i. On or about August 27, 2019, plaintiff moved for a dismissal without prejudice of his first lawsuit. (*See* Dismissal of First Lawsuit, attached hereto as **Exhibit H**)

j. On August 28, 2019, the court granted plaintiff's Motion to Dismiss without prejudice. (*See* attached **Exhibit I**)

k. On or about August 26, 2020, plaintiff filed petitions based on the same accident in state courts in Missouri and Iowa, naming K2W, Liebovich Bros., Inc. ("Liebovich") and Loyet Landscape as Defendants. (*See* the Petition filed in

second lawsuit in Missouri, attached hereto as **Exhibit B** and the Petition filed in the Iowa lawsuit, attached hereto as **Exhibit J**)

l. In paragraph 24 of **Exhibit B** (the petition filed in the second Missouri lawsuit) the plaintiff specifically pleads, "At the time that he was using the tools provided and supplied (sic) Loyet Landscape, Bradley was not an agent or employee of Loyet Landscape."

m. Paragraph 14 of **Exhibit J**, (the Iowa Petition) alleges, in part; "At the time that he was using the tools provided and supplied (sic) Loyet Landscape, Bradley was not an agent or employee of Loyet Landscape."

n. On or about December 9, 2020, K2W filed a Motion to Dismiss for Lack of Personal Jurisdiction in the second action filed in Jefferson County, Missouri. (*See* Motion to Dismiss, attached hereto as **Exhibit K**).

o. On March 5, 2021 Plaintiff, while answering Liebovich's interrogatories, denied receiving "…any payment and/or other consideration from any source in compensation for the injuries alleged in [the] Petition." (*See* Answer to Interrogatory 16 of Plaintiff's Objections and Answers to Defendant Liebovich Bros., Inc.'s First Interrogatories Directed to Plaintiff Bradley J. Loyet, attached hereto as **Exhibit L**).

p. On March 9, 2021, three days before the hearing of K2W's Motion to Dismiss for Lack of Personal Jurisdiction, plaintiff filed his Suggestions in Opposition (to said motion). (*See* Suggestion in Opposition, attached hereto as **Exhibit M**).

q. On March 12, 2021, the Jefferson County Missouri court heard arguments on K2W's motion to dismiss.

r. On March 25, 2021, the U.S. Supreme Court handed down its opinion in *Ford v. Montana Eighth Judicial District Ct*.

s. On or about March 29, 2021, plaintiff filed his Supplemental Authority in Opposition to K2W's Motion to Dismiss. (*See* Supplemental Authority, attached hereto as **Exhibit N**).

t. Without an opportunity for this defendant to reply, the Jefferson County Missouri Court denied K2W's Motion to Dismiss on April 12, 2021. (*See* Order, attached hereto as **Exhibit O**).

u. On April 19, 2021, K2W filed its Motion to Reconsider the Court's Denial of its Motion to Dismiss, which has not been ruled on by the Jefferson County, Missouri Court. (*See* Motion, attached hereto as **Exhibit P**).

v. On April 14, 2021, K2W's counsel discovered, through a phone call with the Missouri Department of Labor and Industrial Relations that the Plaintiff made

3

      a claim against Loyet Landscape for injuries he claims were caused in the accident alleged herein.

    w. On May 10, 2021 K2W came into possession of the plaintiff's Claim For Compensation made on or about August 14, 2018, in the Missouri Department of Labor and Industrial Relations made against Loyet Landscape for injuries he claimed he suffered in the incident he alleges herein. The Claim for Compensation was signed by Jonathan Mc Allister, one of plaintiff's attorneys of record herein. (*See* **Exhibit Q, Loyet-Med 000411).**

    x. Also on May 10, 2021, K2W came into possession of proof of a settlement of the Claim for Compensation awarding to Plaintiff in the Missouri Department of Labor and Industrial Relations case against Loyett Landscape that shows he was paid $25,382.70 for his claim. The settlement was approved by the Administrative Law Judge on or about October 15, 2021.  The settlement document was signed by both the plaintiff and one of his attorneys of record herein, Jonathan McAllister. (*See* **Exhibit Q, Loyet-Med 000406).**

    y. Despite Loyet Landscape being served with the Petition over a year ago on or before January 8, 2020, no one has entered an appearance on behalf of Loyet Landscape, no documents have been filed by Loyet Landscape and no motion for default judgment has been filed against Loyet Landscape in the Iowa action. (*See* Iowa Docket Sheet, attached hereto as **Exhibit R**).

    z. Despite Loyet Landscape  being served with the Petition over eight months ago on September 29, 2020, no one has entered an appearance on behalf of Loyet Landscape, no documents have been filed by Loyet Landscape, and no motion for default judgment has been filed against Loyet Landscape in the Missouri Action. (*See* Missouri Docket Sheet, attached hereto as **Exhibit X**).

3.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

4.     For the purposes of diversity jurisdiction under 28 U.S.C. § 1332, a corporation "shall be deemed a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

4

5. In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1).

6. Federal district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

7. Plaintiff was, at the time of the commencement of said action, and ever since has been, and still is, a resident and citizen of the State of Missouri. (*See* **Exhibit B,** ¶ 1, **Exhibit C** ¶ 1).

8. K2W was, at the time of the commencement of said action, and ever since has been, and still is, a corporation organized and existing under the laws of the State of Iowa, and has its chief and principal place of business in the State of Iowa. Therefore, K2W is a citizen of the State of Iowa, and is not a citizen of the State of Missouri, for purposes of this Court's diversity jurisdiction. (*See* Affidavit of Wade Huisman, attached hereto as **Exhibit S** and Affidavit of Wade Huisman, attached hereto as **Exhibit A,** Iowa Secretary of State Business Information Page, attached hereto as **Exhibit T**).

9. Defendant Liebovich Brothers, Inc. (hereinafter "Liebovich") was, at the time of the commencement of said action, and ever since has been, and still is, a corporation organized and existing under the laws of the State of Illinois, and has its chief and principal place of business in the State of Illinois. Therefore, Liebovich is a citizen of the State of Illinois, and is not a citizen of the State of Missouri, for purposes of this Court's diversity jurisdiction. (*See* Illinois Secretary of State Business Information Page, attached hereto as **Exhibit U** and Liebovich Declaration, attached hereto as **Exhibit Z**).

10. Loyet Landscape was, at the time of the commencement of this action, and ever since has been, and still is, a corporation organized and existing under the laws of the State of Missouri, with its chief and principal business in the State of Missouri. Therefore, Loyet Landscape is a citizen of the State of Missouri. However, consistent with his fraudulent joinder of his medical providers, plaintiff fraudulently jointed Loyet Landscape as a defendant in this matter, and as such, its citizenship is irrelevant of purposes of this Removal. (*See* Missouri Secretary of State Business Information Page, attached hereto as **Exhibit V**).

11. Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). A plaintiff cannot defeat a defendant's right of removal by fraudulent joinder. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011).

12. Joinder is fraudulent when there exists no reasonable basis in fact and law for the court to impose liability on the resident defendant. *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003).

13. Further, if there is no reasonable basis in fact or law supporting a claim against a resident defendant, or the reviewing court finds that plaintiff has no real intention of prosecuting action against a resident defendant, joinder is fraudulent and removal is proper. *Morris v. E. I. Du Pont De Nemours & Co.*, 68 F.2d 788, 791 (8th Cir. 1934); *Huffman v. Baldwin*, 82 F.2d 5, 7 (8th Cir. 1936).

14. "Joinder [of a defendant] designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action

6

against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *see also Jameson v. Gough*, No. 4:09CV2021 RWS, 2010 WL 716107, at *6 (E.D. Mo. Feb. 24, 2010).

15. "An employee who sustains an injury through an accident arising out of and in the course of employment is provided certain compensation without having to prove fault on the employer's part and without being subject to common-law defenses." *Quinn v. Clayco Constr. Co.*, 111 S.W.3d 428, 432 (Mo. App. 2003). "In exchange for definite compensation for all work-connected injuries, employees forgo their rights to sue their employers for negligence and to obtain the common-law measure of damages in cases where fault could be shown." *Id.*

16. Loyet Landscape was fraudulently joined to defeat this Court's diversity jurisdiction. Plaintiff judicially admitted this by making a claim in the Missouri Department of Labor and Industrial Relations and receiving compensation from that claim. The plaintiff's intent to defraud the court and the parties to his lawsuit is evidenced by:

   a. Plaintiff made false allegations in two lawsuits that: "At the time that he was using the tools provided and supplied (sic) Loyet Landscape, Bradley was not an agent or employee of Loyet Landscape." (**Exhibits B and J**, Petitions filed August 26, 2020). This allegation was made after Plaintiff filed his Claim for Compensation, August 15, 2018 (See **Exhibit Q**). Therefore the allegations made are fraudulent.

   b. Plaintiff's denial of receipt of compensation, under oath, for the injuries herein, in answers to interrogatories on or about March 5, 2021 (See **Exhibit L**) after plaintiff settled his worker's compensation claim in October 2020 (See **Exhibit Q**).

17. Plaintiff's exclusive remedy against Loyet Landscape was through the Missouri Division of Workers' Compensation.

18. Furthermore, it is evident that Plaintiff has no real good faith intention of prosecuting his claim against Loyet Landscape, as no one has entered their appearance on behalf of Landscape, no response to Plaintiff's Petition has been filed by Loyet Landscape and plaintiff has not sought a default, in either the Iowa lawsuit or the Missouri despite Loyet Landscape being served with Plaintiff's Petition for several months.

19. Moreover, Plaintiff has demonstrated a pattern of fraudulently joining parties with respect to the subject incident to avoid this Court's jurisdiction, as Plaintiff previously filed lawsuits against his medical providers in the first lawsuit.

20. All of the aforementioned facts show that Loyet Landscape was fraudulently joined to this case.

21. Plaintiff is seeking in excess of Seventy-Five Thousand Dollars ($75,000) in damages, as Plaintiff has alleged that he has incurred medical expenses in excess of $100,000. Additionally, in the Iowa action plaintiff has filed Initial disclosures were he claims $80, 957.96 in medical expenses and Non- Economic damages of:

c. <u>Non-economic damages – Based on Current Evidence:</u>

| | |
|---|---|
| Reasonable value of past physical and mental pain and suffering | $ 500,000.00-$1,000,000.00 |
| Reasonable value of past loss of function of mind and body | $ 500,000.00-$1,000,000.00 |
| Reasonable value of future physical and mental pain and suffering | $ 2,500,000.00-$4,000,000.00 |
| Reasonable value of future loss of function of mind and body | $ 2,500.000.00-$4,000.000.00 |
| Spousal Loss of Consortium | $ 1,000,000.000-$2,000.000.00 |
| Children's Loss of Consortium | $ N/A |

Therefore, the amount in controversy in said action, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000). (*See* **Exhibit B** and Plaintiff's Disclosures - Iowa case, attached hereto as **Exhibit W**).

22. K2W was served with Plaintiff's Petition on or after October 15, 2020. (*See* Missouri Court Docket Sheet, attached hereto as **Exhibit X**)

23. On April 14, 2021, K2W discovered that Plaintiff was working in the course and scope of his employment with Landscape at the time of the alleged incident, when they learned that Plaintiff filed a workers' compensation claim against Landscape related to the aforementioned incident. Hence, K2W discovered the fraudulent joinder of Landscape within the past thirty (30) days.

24. Therefore, K2W's Notice of Removal is timely, pursuant to the requirements of 28 U.S.C. § 1446(b), as Defendants have filed their Notice of Removal within one (1) year of service and within thirty (30) days of discovering the fraudulent joinder of Landscape, which is the first time K2W could first ascertain that this case is removable.

25. The matter is not an action described in 28 U.S.C. § 1445.

26. Venue is proper in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1446, because this action was originally filed in the Circuit Court of Jefferson County, Missouri, which within the United States District Court for the Eastern District of Missouri, Eastern Division.

27. Filed with this Notice of Removal, and attached as **Exhibit Y**, is a true and correct copy of all process, papers, pleadings, exhibits, and orders contained within the Jefferson County, Missouri Circuit Court file.

28.  Pursuant to Local Rule 2.02, a Civil Cover Sheet for the Eastern District of Missouri is attached as **Exhibit AA**, and an Original Filing Form is attached as **Exhibit BB**.

WHEREFORE, Defendant K2W Precision, Inc. respectfully notifies this Court that the above captioned action has been removed from the Circuit Court of Jefferson County, Missouri.

> */s Joseph R. Swift*
> Joseph R. Swift #37241
> Jessica S. Holliday #63590
> BAKER STERCHI COWDEN & RICE, LLC
> 100 North Broadway, 21st Floor
> St. Louis, MO 63102
> 314-345-5000
> jswift@bscr-law.com
> jholliday@bscr-law.com
> *Attorneys for Defendants K2W Precision, Inc. and Keizer Aluminum Wheels, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded via ECF to counsel of record, as prescribed by law, on this 14th day of May 2021.

Steve Garner
Grant Rahmeyer
Jacob Lewis
Strong-Garner-Bauer, P.C.
415 E. Chestnut Exrpressway
Springfield, MO 65802
sgarner@stronglaw.com
grahmeyer@stronglaw.com
jlewis@stronglaw.com
*Attorneys for Plaintiff*

Daniel T. Ryan
Law Office of Daniel T. Ryan, LLC
3008 Sutton Blvd., Suite 100
Maplewood, MO 63143
dan@danryanlawoffice.com
*Attorney for Plaintiff*

Jonathan A. McAllister
1717 Park Avenue
St. Louis, MO 63104
jam@jmcallisterlaw.com
*Attorney for Plaintiff*

James Allan Gottschalk
701 Market Street, Suite 200
St. Louis, MO 63101
jgottschalk@gotlawstl.com

Amanda L. Zink
Jeffrey H. Lipe
Joshua Yonke
Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd.
230 West Monroe Street, Suite 2260
Chicago, IL 60606
jvy@lipelyons.com
alz@lipelyons.com
jhl@lipelyons.com
*Attorneys for Liebovich Bros, Inc.*

                                                  */s/ Joseph R. Swift*


Jonathan A. McAllister
1717 Park Avenue
St. Louis, MO 63104
jam@jmcallisterlaw.com
*Attorney for Plaintiff*

James Allan Gottschalk
701 Market Street, Suite 200
St. Louis, MO 63101
jgottschalk@gotlawstl.com

Amanda L. Zink
Jeffrey H. Lipe
Joshua Yonke
Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd.
230 West Monroe Street, Suite 2260
Chicago, IL 60606
jvy@lipelyons.com
alz@lipelyons.com
jhl@lipelyons.com
*Attorneys for Liebovich Bros, Inc.*

*/s/ Joseph R. Swift*