CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| BRADLEY J. LOYET, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 20JE-CC00551 |
| v. | ) | |
| | ) | |
| | ) | |
| K2W PRECISION, INC., d/b/a | ) | **JURY TRIAL DEMANDED** |
| KEIZER ALUMINUM WHEELS, INC., | ) | |
| LIEBOVICH BROS., INC., and LOYET | ) | |
| LANDSCAPE MAINTENANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| STATE OF IOWA | ) |
| | ) SS |
| COUNTY OF SIOUX | ) |

**AFFIDAVIT OF WADE HUISMAN**

COMES NOW, Wade Huisman, first duly sworn upon his oath and states:

1.      I serve as the president for K2W Precision, Inc. ("K2W").

2.      In this capacity, I am responsible for and have access to corporate records concerning K2W.  From this experience and based on my review of relevant records, I have personal knowledge of the information contained herein.

3.      K2W is incorporated in State of Iowa, and has its principal place of business in Orange City, State of Iowa.

4.      Orange City, Iowa is where K2W's corporate headquarters are.

5.      K2W does not have a corporate parent, subsidiaries or related corporate entities located in the State of Missouri.

6.      From 2010 to 2020, the sales K2W made in the State of Missouri only constitute 0.89% of K2W's total sales nationwide.

Page 1 of 2

EXHIBIT
A

7.     K2W sold and shipped the wheel at issue to Chassis Worx at 1917 North Boomer Rd., Stillwater, Oklahoma. Attached as Exhibit C is a true and correct copy of the invoice for the sale.

8.     K2W did not ship or sell the wheel to Missouri.

9.     Attached as Exhibit D is a true and correct copy of a lawsuit filed by Bradley Loyet that was filed in Iowa District Court for Sioux County.

10.    While K2W has and maintains a website, it does not afford the ability to enable customers to make purchases.

FURTHER AFFIANT SAYETH NOT.

Wade Huisman
Dated:


Subscribed and sworn before me this ___7th___ day of __December__, 2020.


Notary Public

My Commission Expires:



EMILY MORET
Commission Number 804669
My Commission Expires
June 6, 20__23__

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

K2W Precision, Inc.

3981 Jackson Avenue
Orange City, Iowa 51041

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/3/2016 | 86369 |

**PAID 12/13/2016**

| Bill To |
|---------|
| Chassis Worx<br>1917 north boomer road<br>Stillwater OK, 74075 |

| Ship To |
|---------|
| Chassis Worx<br>1917 north boomer road<br>Stillwater OK, 74075 |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
|  | visa | Wade | 12/9/2016 |  |  |  |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | dl1363bcbl | 13x6x3 15bolt direct mount brake bell Beadlock tabs   #17721 | 200.00 | 200.00 |
| 1 | dl1363bcpr | 13x6x3 15bolt direct mount brake bell W/Proring tabs #17722 | 165.00 | 165.00 |
| 2 | dl13mcpcb | Black Mud cover package (On the wheel)(List after wheel) | 28.00 | 56.00 |
| 2 | powder | Black upgrade on wheel | 20.00 | 40.00 |
| 1 | dl1384sppr | 13x8x4 15bolt 2"31t splined W/Proring  #17723 | 240.00 | 240.00 |
| 1 | dl13102spbl | 13x10x2 2"15bolt 31t splined beadlock   #17724 | 300.00 | 300.00 |
| 1 | dl13mcb | Black 13"formed Mud cover only(Not on wheel) | 28.00 | 28.00 |
| 2 | powder | Black upgrade on wheel | 20.00 | 40.00 |
| 1 | ups | Shipment Date: 12/09/2016<br>UPS Ground  43.00 Lbs.<br>Carrier Charges $28.45<br>UPS Tracking # 1ZW8X6490371001881<br>UPS Tracking # 1ZW8X6490371633690 | 28.45 | 28.45 |

| | **Total** | $1,097.45 |

| Phone # | Fax # | E-mail |
|---------|-------|--------|
| 7127373053 | 7127373055 | kaw@mtcnet.net |

EXHIBIT C

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

IN THE IOWA DISTRICT COURT AND FOR SIOUX COUNTY

| | |
|---|---|
| BRADLEY J. LOYET, )<br><br>Plaintiff, )<br>vs. )<br><br>K2W PRECISION, INC. d/b/a )<br>KEIZER ALUMINUM WHEELS, )<br>LIEBOVICH BROS., INC. )<br>an Illinois Corporation and )<br>LOYET LANDSCAPE MAINTENANCE, )<br>INC., a Missouri Corporation )<br><br>Defendants. ) | LALA<br><br>PETITION AT LAW<br>(JURY TRIAL REQUESTED) |

### PETITION

Plaintiff, Bradley J. Loyet, through counsel, for his cause of action against defendants K2W Precision, Inc., d/b/a Keizer Aluminum Wheels, Liebovich Bros., Inc., and Loyet Landscape Maintenance, Inc., states and alleges as follows:

### PARTIES

1.      Bradley J. Loyet (hereinafter "Bradley") is an individual over the age of 18 residing in St. Louis County, Missouri.

2.      Defendant K2W Precision, Inc. d/b/a Keizer Aluminum Wheels is an Iowa corporation (hereinafter "Keizer Wheels").  Keizer Wheels can be served through its registered agent, Wade Huisman, 3981 Jackson Ave., Orange City, Iowa 51041.

3.      At all times relevant hereto, defendant Keizer Wheels designed, manufactured and sold a midget racing wheel ("racing wheel") into the stream of commerce.  Defendant Keizer Wheels has its place of incorporation and principal place of business in Sioux County, Iowa.

1

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

4.    Defendant Liebovich Bros., Inc. is a foreign corporation, registered to do business in the State of Iowa.  Defendant Liebovich Bros., Inc. can be served through its registered agent CT Corporation System, 400 E. Court Ave., Des Moines, Iowa 50309.

5.    Defendant Loyet Landscape Maintenance, Inc., is Missouri corporation (hereinafter Loyet Landscape).  Loyet Landscape can be served through its registered agent, Joseph Loyet, 13135 Gary Player Dr., St. Louis, MO 63127.

### FACTS COMMON TO ALL COUNTS

6.    Upon information and belief, Justin Hendricks purchased the racing wheel through defendant Keizer Wheel's interactive website and online store in 2016.

7.    Mr. Hendricks purchased the racing wheel for the race car driven by his son Zane Hendricks.

8.    Defendant Keizer knowingly manufactured, designed, assembled, marketed, and sold the subject racing wheel fully knowing that it would be used on racing cars taken all throughout the United States.

9.    Defendant Keizer Wheels knowingly placed the subject racing wheel into the stream of commerce.

10.    Defendant Keizer Wheels operates a website that advertises its products in throughout the country  The website also allows customers to interactively purchase wheels directly from defendant Keizer Wheels.

11.    Defendant Keizer Wheels advertises that it is one of the foremost producers and sellers, nationally, of racing wheels such as the subject racing wheel and thereby acknowledges the subject racing wheel would be used throughout the United States.

2

EXHIBIT D

12.     At the time of sale and all times thereafter, the subject racing wheel was designed and manufactured in a dangerous and defective condition since it would explode apart whenever a tire was affixed to the wheel and then aired up.

13.     On or about February 6, 2018, Zane Hendricks brought the racing wheel to Loyet Landscape in Jefferson County, Missouri.

14.     While at Loyet Landscape, Bradley was instructed to mount a Hoosier brand racing tire to the racing wheel and air up the tire using tools provided and supplied by Loyet Landscape. At the time that he was using the tools provided and supplied Loyet Landscape, Bradley was not an agent or employee of Loyet Landscape.

15.     Following these instructions, Bradley mounted the Hoosier racing tire onto the racing wheel and began airing the tire.

16.     While airing up the racing tire, the wheel suddenly and violently exploded.

17.     The force of the explosion threw the racing wheel into Bradley severely injuring him.  Bradley continues to suffer severe injuries, both mental and physical, which are permanent and progressive.

### COUNT I: STRICT LIABILITY AGAINST DEFENDANT KEIZER WHEELS

Plaintiff, for Count I of his cause of action against defendant Keizer Wheels, states and alleges as follows:

18.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

19.     At all relevant times, defendant Keizer Wheels designed, manufactured, assembled, marketed, and sold the subject racing wheel in the regular course of its business.

20.     At all times referenced herein, the subject racing wheel was:

3

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

    a.    Being used in a manner reasonably anticipated; and

    b.    Was in substantially the same condition as when designed, manufactured, marketed, sold and distributed by defendant Keizer Wheels.

21.    The subject racing wheel was defective and unreasonably dangerous when put to a reasonably anticipated use, in that:

    a.    The racing wheel's weld(s) failed under normal pressures;

    b.    The racing wheel failed to warn of its dangerous propensities;

    c.    The subject racing wheel was not appropriately tested and/or inspected to ensure that it complied with applicable industry standards;

    d.    The subject racing wheel failed to have adequate instructions for use;

    e.    The racing wheel was designed without appropriate safety features to prevent it from exploding under normal pressure constraints; and/or

    f.    The subject racing wheel violated safety rules and standards.

22.    The aforesaid defects and dangerous condition existed when the subject racing wheel was designed, manufactured, assembled, marketed, sold, distributed and/or supplied by defendant Keizer Wheels.

23.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject racing wheel, Bradley suffered severe injuries, including but not limited to, a Grade III open fracture to the distal radius and ulna; a nondisplaced fracture of the first metacarpal shaft; contusions to the wrist and radial nerve necessitating release of carpal tunnel syndrome; surgery of open reduction/internal fixation  of his segmental ulna fracture and his diaphyseal/metaphyseal radius fracture; non-surgical treatment of his non-displaced metacarpal fracture with wound debridement  and closure with staples.

EXHIBIT D

E-FILED  2020 AUG 26 4:26 PM SIOUX - CLERK OF DISTRICT COURT

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

24.     By reason of his injuries, Bradley has paid or become obligated for, and will in the future pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

25.     Prior to Bradley's aforementioned injuries caused by defendant Keizer Wheels, Bradley was an able-bodied man, capable of performing work and labor.  As a result of his injuries, his capabilities to perform work and labor have diminished and will be diminished in the future, said injuries, pain and damages being permanent, disabling and progressive.  Bradley has been and, in the future, will be deprived of earnings, salaries, profits, wages and pleasure.

WHEREFORE, having stated the above cause of action against defendant Keizer Wheels, plaintiff requests judgment against defendant Keizer Wheels for damages that are fair and reasonable, for punitive damages to punish and deter the defendants from such future conduct, for post-judgment interest, for his costs expended herein, and for all other and further relief as this Court deems just and proper under the circumstances.

## COUNT II: NEGLIGENCE AGAINST DEFENDANT KEIZER WHEELS

Plaintiff, for Count II of his cause of action against defendant Keizer Wheels, states and alleges as follows:

26.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

27.     At all relevant times, defendant Keizer Wheels designed, manufactured, assembled, marketed, distributed, and sold the subject racing wheel in the regular course of its business.

28.     At all times mentioned herein, defendant Keizer Wheels owed a duty to the public in general, and Bradley in particular, to exercise reasonable care in designing, manufacturing, distributing, selling, and continual monitoring of safety concerns for products put into the stream

5

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

of commerce by defendant Keizer Wheels, including the duty to assure the product did not cause Bradley to suffer reasonably foreseeable dangerous consequences arising from the expected use of the product.

29.   Defendant Keizer Wheels was negligent, and breached its duties in one or more of the following acts of commission and/or omission:

a.  In designing the subject racing wheel:

  i.   In such a way that it would explode under the normal pressures exerted in filling the tire being attached to it;

  ii.   In failing to adequately design the racing wheel so that its welds failed;

  iii.   In failing to install adequate safeguards to prevent the racing wheels welds from failing and turning the wheel into a dangerous projectile;

  iv.   Knowing and/or having reason to know the subject racing wheel was likely to be dangerous for the use for which it was supplied;

  v.   Knowing and/or having reason to know that the subject racing wheel was unlikely to be made reasonably safe before being put to the use defendant Keizer Wheels expected it to be put; and

  vi.   In such a manner that it violated safety rules and standards.

b.  In manufacturing the subject racing wheel:

  i.   In such a way that its welds would suddenly and unexpectedly fail;

  ii.   In failing to adequately manufacture the subject racing wheel such that it could withstand normal airing pressures used to attach a tire to it;

  iii.   In failing to install adequate safeguards to prevent the subject racing wheel from exploding and becoming a dangerous projectile;

  iv.   Knowing and/or having reason to know the subject racing wheel was likely to be dangerous for the use for which it was supplied;

  v.   Knowing and/or having reason to know that the subject racing wheel was unlikely to be made reasonably safe before being put to the use defendant Keizer Wheels expected it to be put; and

EXHIBIT D

E-FILED  2020 AUG 26 4:26 PM SIOUX - CLERK OF DISTRICT COURT

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

      vi.     In such a manner that it violated safety rules and standards.

c. In failing to properly test the racing wheel to ensure:

      i.     The racing wheel would not explode when put under regular forces used to air a tire being attached to it;

      ii.     That the racing wheel met applicable industry standards and safety rules; and/or

      iii.     That the subject racing wheel had adequate safety features to prevent needless personal injury.

d. In failing to warn purchasers, owners, and users of the racing wheel:

      i.     That its welds may fail and cause the wheel to explode when exposed to normal tire airing pressures;

      ii.     That its welds were not designed, inspected, or tested for failure strength with normal airing pressures;

      iii.     That it was likely to be dangerous for the use for which it was supplied; and/or

      iv.     That it was unlikely to be made reasonably safe before being put to the use.

e. In failing to take action to recall, retrofit and/or warn owners and users of the racing wheel:

      i.     Because it welds may fail causing the wheel to turn into a devastating projectile;

      ii.     Because its welds were not designed, inspected, or tested for failure strength with normal airing pressures;

      iii.     Because it was likely to be dangerous for the use for which it was supplied; and/or

      iv.     Because it was unlikely to be made reasonably safe before being put to the use.

30.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject racing wheel, Bradley suffered severe injuries, including but not limited to, a Grade III open fracture to the distal radius and ulna; a nondisplaced fracture of the first

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

metacarpal shaft; contusions to the wrist and radial nerve necessitating release of carpal tunnel syndrome; surgery of open reduction/internal fixation  of his segmental ulna fracture and his diaphyseal/metaphyseal radius fracture; non-surgical treatment of his non-displaced metacarpal fracture with wound debridement  and closure with staples.

31.     By reason of his injuries, Bradley has paid or become obligated for, and will in the future pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

32.     Prior to Bradley's aforementioned injuries caused by defendant Keizer Wheels, Bradley was an able-bodied man, capable of performing work and labor.  As a result of his injuries, his capabilities to perform work and labor have diminished and will be diminished in the future, said injuries, pain and damages being permanent, disabling and progressive.  Bradley has been and, in the future, will be deprived of earnings, salaries, profits, wages and pleasure.

WHEREFORE, having stated the above cause of action against defendant Keizer Wheels, plaintiff requests judgment against defendant Keizer Wheels for damages that are fair and reasonable, for punitive damages to punish and deter the defendants from such future conduct, for post-judgment interest, for his costs expended herein, and for all other and further relief as this Court deems just and proper under the circumstances.

### COUNT III: STRICT LIABILITY AGAINST DEFENDANT LIEBOVICH BROS., INC.

Plaintiff, for Count III of his cause of action against defendant Liebovich Bros., Inc., states and alleges as follows:

33.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

34.  At all relevant times, defendant Liebovich Bros., Inc., fabricated, manufactured, distributed, and/or sold the subject racing wheel in the regular course of its business.

35.  At all times referenced herein, the subject racing wheel was:

    a.  Being used in a manner reasonably anticipated; and

    b.  Was in substantially the same condition as when fabricated, manufactured, sold and distributed by defendant Liebovich Bros., Inc.

36.  The subject racing wheel was defective and unreasonably dangerous when put to a reasonably anticipated use, in that:

    a.  The racing wheel was not properly fabricated;

    b.  The racing wheel was not properly manufactured;

    c.  The subject racing wheel was not appropriately tested and/or inspected to ensure that it complied with applicable industry standards; and/or

    d.  The aluminum used for fabrication of the subject wheel had inadequate strength according to applicable industry standards.

37.  The aforesaid defects and dangerous condition existed when the subject racing wheel was fabricated, manufactured, sold, distributed and/or supplied to defendant Keizer Wheels.

38.  As a direct and proximate result of the defective and unreasonably dangerous condition of the aluminum used for the subject racing wheel, Bradley suffered severe injuries, including but not limited to, a Grade III open fracture to the distal radius and ulna; a nondisplaced fracture of the first metacarpal shaft; contusions to the wrist and radial nerve necessitating release of carpal tunnel syndrome; surgery of open reduction/internal fixation  of his segmental ulna fracture and his diaphyseal/metaphyseal radius fracture; non-surgical treatment of his non-displaced metacarpal fracture with wound debridement  and closure with staples.

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

39.     By reason of his injuries, Bradley has paid or become obligated for, and will in the future pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

40.     Prior to Bradley's aforementioned injuries caused by defendant Leibovich Bros., Inc., Bradley was an able-bodied man, capable of performing work and labor.  As a result of his injuries, his capabilities to perform work and labor have diminished and will be diminished in the future, said injuries, pain and damages being permanent, disabling and progressive.  Bradley has been and, in the future, will be deprived of earnings, salaries, profits, wages and pleasure.

WHEREFORE, having stated the above cause of action against defendant Keizer Wheels, plaintiff requests judgment against defendant Liebovich Bros., Inc., for damages that are fair and reasonable, for punitive damages to punish and deter the defendants from such future conduct, for post-judgment interest, for his costs expended herein, and for all other and further relief as this Court deems just and proper under the circumstances.

### COUNT IV: NEGLIGENCE AGAINST DEFENDANT LIEBOVICH BROS., INC.

Plaintiff, for Count IV of his cause of action against defendant Liebovich Bros., Inc., states and alleges as follows:

41.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

42.     Upon information and belief, defendant Liebovich Bros., Inc., fabricated and manufactured the aluminum for the subject racing wheel and then sold that aluminum to defendant Keizer Wheels in the regular course of its business.

43.     At all times mentioned herein, defendant Liebovich Bros., Inc., owed a duty to the public in general, and Bradley in particular, to exercise reasonable care in manufacturing,

10

E-FILED  2020 AUG 26 4:26 PM SIOUX - CLERK OF DISTRICT COURT

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

fabricating, selling, and continual monitoring of safety concerns for products put into the stream of commerce by defendant Liebovich Bros., Inc, including the duty to assure the product did not cause Bradley to suffer reasonably foreseeable dangerous consequences arising from the expected use of the product.

44.     Defendant Liebovich Bros., Inc., was negligent, and breached its duties in one or more of the following acts of commission and/or omission:

    a.  In fabricating the aluminum for the subject racing wheel:

        vii.     In such a way that it would explode under the normal pressures exerted in filling the tire being attached to it;

        viii.     In failing to use aluminum with the appropriate strength for racing wheels like the subject racing wheel; and

        ix.     In violation of applicable industry standards.

    b.  In manufacturing the aluminum for the subject racing wheel:

        vii.     The aluminum would fail if put under regular pressures;

        viii.     In using aluminum with impurities or imperfections that compromised its strength; and

        ix.     In such a manner that it violated safety rules and standards.

    c.  In failing to properly test the aluminum for the subject racing wheel:

        iv.     The racing wheel would not explode when put under regular forces used to air a tire being attached to it;

        v.     That the racing wheel met applicable industry standards and safety rules; and/or

        vi.     That the subject racing wheel had adequate safety features to prevent needless personal injury.

45.     As a direct and proximate result of the defective and unreasonably dangerous condition of the aluminum used for the subject racing wheel, Bradley suffered severe injuries, including but not limited to, a Grade III open fracture to the distal radius and ulna; a nondisplaced

E-FILED  2020 AUG 26 4:26 PM SIOUX - CLERK OF DISTRICT COURT

fracture of the first metacarpal shaft; contusions to the wrist and radial nerve necessitating release of carpal tunnel syndrome; surgery of open reduction/internal fixation  of his segmental ulna fracture and his diaphyseal/metaphyseal radius fracture; non-surgical treatment of his non-displaced metacarpal fracture with wound debridement  and closure with staples.

46.     By reason of his injuries, Bradley has paid or become obligated for, and will in the future pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

47.     Prior to Bradley's aforementioned injuries caused by defendant Keizer Wheels, Bradley was an able-bodied man, capable of performing work and labor.  As a result of his injuries, his capabilities to perform work and labor have diminished and will be diminished in the future, said injuries, pain and damages being permanent, disabling and progressive.  Bradley has been and, in the future, will be deprived of earnings, salaries, profits, wages and pleasure.

WHEREFORE, having stated the above cause of action against defendant Keizer Wheels, plaintiff requests judgment against defendant Keizer Wheels for damages that are fair and reasonable, for punitive damages to punish and deter the defendants from such future conduct, for post-judgment interest, for his costs expended herein, and for all other and further relief as this Court deems just and proper under the circumstances.

<u>COUNT V: NEGLIGENCE AGAINST DEFENDANT LOYET LANDSCAPE</u>

In the alternative to the above-pleaded Counts against defendants Keizer Wheels and Liebovich Bros., Inc., plaintiff, for Count V of his cause of action against defendant Loyet Landscape, states and alleges as follows:

48.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

12

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

49.   On or about February 6, 2018, defendant Loyet Landscape provided the tools and devices for Bradley to complete his work on the subject racing wheel.

50.   Those tools included an air compressor, air compressor adapters, and a pressure gauge (hereinafter "tools").

51.   When defendant Loyet Landscape provided the tools to Bradley, some or all of those tools were defective or hazardous in that, individually and/or collectively, the tools: inaccurately measured the air pressure of the tire Bradley was airing; provided inconsistent air to the tire; inflated the tire too quickly; and/or caused the tire to be overinflated.  Because of these hazards of defects, the tools were dangerous when put to a reasonably expected use.

52.   The tools Bradley was using were put to a reasonably expected use.

53.   At the time Bradley put the tools to a reasonably expected use, defendant Loyet Landscape had no reason to believe that those for whose use the tools were supplied would realize their dangerous condition.

54.   Further, defendant Loyet Landscape knew or had information from which defendant Loyet Landscape, in the exercise of ordinary care, should have known of such dangerous condition, and defendant Loyet Landscape failed to adequately warn Bradley of the tools dangerous condition and defendant Loyet Landscape was thereby negligent.

55.   As a direct result of defendant Loyet Landscape's negligence, Bradley suffered severe injuries, including but not limited to, a Grade III open fracture to the distal radius and ulna; a nondisplaced fracture of the first metacarpal shaft; contusions to the wrist and radial nerve necessitating release of carpal tunnel syndrome; surgery of open reduction/internal fixation of his segmental ulna fracture and his diaphyseal/metaphyseal radius fracture; non-surgical treatment of his non-displaced metacarpal fracture with wound debridement and closure with staples.

EXHIBIT D

Electronically Filed - Jefferson - December 09, 2020 - 10:51 AM

56.     By reason of his injuries, Bradley has paid or become obligated for, and will in the future pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

57.     Prior to Bradley's aforementioned injuries caused by defendant Loyet, Bradley was an able-bodied man, capable of performing work and labor.  As a result of his injuries, his capabilities to perform work and labor have diminished and will be diminished in the future, said injuries, pain and damages being permanent, disabling and progressive.  Bradley has been and, in the future, will be deprived of earnings, salaries, profits, wages and pleasure.

WHEREFORE, having stated the above cause of action against defendant Loyet Landscape, plaintiff requests judgment against defendant Loyet for damages that are fair and reasonable, for post-judgment interest, for his costs expended herein, and for all other and further relief as this Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues triable to a jury as a matter of right.

Respectfully submitted,

Edward J. Prill                         AT0012435
Steven J. Crowley                    AT0001845
Andrew L. Mahoney              AT0012329
**CROWLEY & PRILL**
3012 Division Street
Burlington, Iowa 52601
Phone:      (319) 753-1330
Fax:          (319) 752-3934
Email:       amahoney@cbp-lawyers.com
                  eprill@cbp-lawyers.com
                  scrowley@cbp-lawyers.com

ATTORNEYS FOR PLAINTIFF

14

EXHIBIT D