UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRADLEY J. LOYET, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 4:21-CV-00569 JCH |
| K2W PRECISION, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand this case to state court. Doc. [21]. Plaintiff, a citizen of Missouri, argues that removal of this action was improper because one of the named Defendants, Loyet Landscape Maintenance, Inc., is also a citizen of Missouri and consequently, complete diversity is lacking. Defendants K2W Precision and Liebovich Bros., Inc., oppose the motion, arguing that the Missouri Defendant was fraudulently joined and its presence should be disregarded for purposes of diversity jurisdiction. For the reasons stated below, the Court will grant Plaintiff's motion and remand the case to the Circuit Court of Jefferson County, Missouri.

I.    **FACTS AND BACKGROUND**

This product liability case arises out of an accident that occurred on February 6, 2018, during which Plaintiff was injured while changing an allegedly defective racing wheel. The aluminum wheel was designed and manufactured by Defendant K2W. The racecar driver who purchased the wheel brought it to Defendant Loyet Landscape in order to have the wheel mounted. Plaintiff mounted the racing wheel and aired up the tire using equipment that was

provided by Defendant Loyet Landscape. While airing up the tire, the wheel exploded, causing multiple injuries to Plaintiff's arm, and which required surgery.

On August 26, 2020, Plaintiff filed the instant action in Missouri state court, bringing counts for strict liability against Defendants K2W and Liebovich, and counts alleging negligence against all Defendants. In Plaintiff's claim against Defendant Loyet Landscape, he makes the following allegations: "Loyet Landscape provided the tools and devices for Bradley to complete his work on the subject racing wheel. Those tools included an air compressor, air compressor adaptors, and a pressure gauge . . . some or all of those tools were defective or hazardous in that, individually and/or collectively, the tools inaccurately measured the air pressure of the tire Bradley was airing; provided inconsistent air to the tire; inflated the tire too quickly; and/or caused the tire to be overinflated . . . defendant Loyet Landscape knew or had information from which defendant Loyet Landscape, in the exercise of ordinary care, should have known of such dangerous condition, and defendant . . . failed to adequately warn Bradley of the tools' dangerous condition and defendant Loyet Landscape was thereby negligent." *See* Doc. [6] at ¶¶ 59-64.

On May 14, 2021, Defendants removed this case to federal court on the basis of complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a). The Notice of Removal alleged that jurisdiction was proper because the amount in controversy exceeds $75,000, and because Plaintiff is a citizen of Missouri, Defendant K2W Precision is a citizen of Iowa, and Liebovich Bros., Inc., is a citizen of Illinois. Defendants concede that Loyet Landscape is a Missouri citizen, but argue that its citizenship should be disregarded and does not destroy diversity because it was fraudulently joined.

On June 14, 2021, Plaintiff moved to remand this case to state court due to a lack of complete diversity between him and Defendants. Plaintiff argues that Defendants have not met their burden of proving that Defendant Loyet Landscape was fraudulently joined, and therefore this Court lacks subject matter jurisdiction over the action.

## II. DISCUSSION

### A. Fraudulent Joinder

Pursuant to 28 U.S.C. § 1441(a), a defendant may generally remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars, exclusive of interests and costs, and involves a controversy between citizens of different states. For jurisdiction to exist based on diversity of citizenship under § 1332(a), there must be "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quotation marks omitted).

In the instant case, the complete diversity requirement is lacking from the face of the pleadings, because both Plaintiff and Defendant Loyet Landscape are citizens of Missouri. However, even where the face of the pleadings shows an absence of complete diversity, diversity jurisdiction may nevertheless be present if the removing defendant can show that the non-diverse defendant was fraudulently joined. *Id.* at 445. "Joinder is fraudulent when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant *solely* to prevent removal." *Id.* See also *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real

connection with the controversy.") (internal quotations and citation omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id*. at 975.

The Eighth Circuit set forth the standard for evaluating assertions of fraudulent joinder in *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806 (8th Cir. 2003):

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.
>
> However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. As we recently stated in *Wiles [v. Capitol Indemnity Corp.]*, "**joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants**." 280 F.3d [868, 871 (8th Cir. 2002)]. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla*, 336 F.3d at 810 (emphasis added; footnote and internal citations omitted). Therefore, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved . . . [and] the district court should resolve all facts and ambiguities . . . in the plaintiff's favor." *Id.* at 811.

In reviewing a fraudulent joinder claim, the court has no responsibility to "*definitively* settle*" the validity of the claim. *Id.* "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bowl Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

4

In resolving the fraudulent joinder issue, "[t]he burden of proof rests with the removing party," *Reeb v. Wal-Mart Stores, Inc.,* 902 F. Supp. 185, 188 (E.D. Mo.1995) and "[t]his burden is substantial," *Dorsey v. Sekisui America Corp.,* 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999) (internal citation omitted).

With these principles in mind, the Court considers whether Defendants have shown that Plaintiff's negligence claim against Defendant Loyet Landscape has no reasonable basis in law and fact. Missouri law controls the substantive issues in this diversity case. *See, e.g., Thompson v. R.J. Reynolds Tobacco Co.,* 760 F.3d 913, 915 (8th Cir. 2014). In Missouri, to plead a cause of action for negligence, a plaintiff must plead that "the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." *Lopez v. Three Rivers Electric Co-op., Inc.,* 26 S.W.3d 151, 155 (Mo. banc 2000).

It would seem clear, based on the allegations in his complaint, that Plaintiff has stated a negligence claim against Loyet Landscape that is plausible on its face. However, to support their contention that Loyet Landscape has been fraudulently joined, Defendants do not argue that Plaintiff has not stated a plausible negligence claim against Loyet Landscape. Rather, they argue that Plaintiff's claim against Loyet Landscape is barred as a matter of law, and therefore, Plaintiff brought his claim against it with the sole purpose of defeating removal.

More specifically, Defendants argue that Plaintiff's claim against Loyet Landscape is barred because Plaintiff had previously filed a worker's compensation claim against Loyet Landscape with the Missouri Department of Labor and Industrial Relations in 2018, and an administrative law judge approved a settlement agreement between Plaintiff and Loyet Landscape on October 15, 2020. Defendants assert that the Missouri's Workers' Compensation

5

Act provides that when an employee has been compensated under the act, his employer is released from other liability. *See* Mo. Rev. Stat. § 287.120.1 ("Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment . . . shall be released from all other liability"). Defendants argue that Plaintiff's claim against Loyet Landscape may not stand under the applicable statute, both because Loyet Landscape has no further liability, and because exclusive jurisdiction of his claim lies with the Missouri Department of Labor and Industrial Relations.

Plaintiff argues that worker's compensation immunity is an affirmative defense that Loyet Landscape was required to timely plead. Plaintiff further argues that because Loyet Landscape has not raised the defense and the time to do so has passed, the defense is waived, and the exclusivity provision in the Workers' Compensation Act does not act to bar his negligence claim against Loyet Landscape.[1] Therefore, Plaintiff argues, Defendants' removal of the instant action is improper, as Plaintiff's claims against Loyet Landscape are not fraudulently joined.

The Court agrees with Plaintiff. Missouri law is clear that workers' compensation immunity is a defense that must be pled and proven by the party seeking to shield itself from liability, and it is waived if not timely raised. It is not a jurisdictional bar to Plaintiff's common law negligence claim, and Defendants K2W and Lieberman may not wield the doctrine as a sword on behalf of Loyet Landscape. The Supreme Court of Missouri has explained that

---

[1] Plaintiff also argues that Defendants' removal was untimely, as Defendants were served on November 11, 2020, and the notice of removal was filed on May 14, 2021, long after the applicable 30-day time limit to do so. Defendants argue that removal was timely, as the action was removed within thirty days after they first learned of the potential applicability of the workers' compensation exclusivity defense. Because the Court decides to remand on the basis of Plaintiff's other argument, it need not reach the timeliness issue.

"[w]here an action is at common law and invokes common-law liability only, an exception to such liability created by [the Workers' Compensation Law] is not an element of the cause of action; it is a matter of defense." *Kemper v. Gluck,* 39 S.W.2d 330, 333 (1931). Therefore, "[t]he burden is upon the party claiming the applicability of the act to bring himself under it . . . if he would make it a defense, he must plead and prove himself within its terms." *Id.* Accordingly, the Act's exclusivity provisions provide an affirmative defense that must be raised by the party relying on them, and are waived if not timely raised. *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 479 (Mo. 2009). Here, Loyet Landscape has not raised the immunity defense, the time to do so has expired, and Plaintiff's negligence claim against Loyet is not barred under the Act.

For the reasons stated above, Defendants have not met their "substantial" burden of showing that there exists no reasonable basis in fact and law supporting Plaintiff's claim against Loyet Landscape. *Dorsey,* 79 F. Supp. 2d at 1091. Because Defendants have not established that Loyet Landscape was fraudulently joined, its presence as a defendant in this case defeats the complete diversity requirement of 28 U.S.C.§ 1332(a), and remand is required.

### III.   CONCLUSION

For all of the above reasons, the Court finds that the complete diversity requirement of 28 U.S.C. § 1332(a) is not satisfied and that this Court lacks subject matter jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. [21]) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 13th day of July, 2021.

                                                   /s/Jean C. Hamilton
                                                   JEAN C. HAMILTON
                                                   UNITED STATES DISTRICT JUDGE